NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| Wilfredo M., | : | |
| | : | |
| Plaintiff, | : | Civil No. 20-07212 (RBK) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Plaintiff Wilfredo M.'s ("Plaintiff") Motion to Set Forth the Terms of the Remand Order, (ECF No. 21), and Plaintiff's Appeal, (ECF No. 1), from the final decision of the Commissioner of Social Security denying Plaintiff's application for Supplemental Security Income benefits under Title XVI of the Social Security Act. For the reasons set forth below, Plaintiff's Motion is **GRANTED in part** and **DENIED in part**, and the Commissioner's decision is **REVERSED** and **REMANDED**.

**I.    PROCEDURAL BACKGROUND[1]**

Plaintiff filed an application for Supplemental Security Income benefits on May 25, 2016, claiming disability starting on June 1, 2011. (ECF No. 15, Administrative Record "R." 24); (ECF No. 21, "Pl. Moving Br." 1). Plaintiff's claim was denied on September 27, 2016. (R. 24). Plaintiff's request for reconsideration was then denied on December 21, 2016. (*Id.*) On January

---

[1] Because the record is voluminous, the Court sets forth only those facts necessary for context and relevant to the pending motion.

1

23, 2017, Plaintiff submitted a written request for a hearing before an Administrative Law Judge ("ALJ"), which took place via video teleconference on December 6, 2018. (*Id.*; R. 44–71). The ALJ issued a decision on February 15, 2019, finding that Plaintiff was not disabled under the Social Security Act and rejecting Plaintiff's application. (R. 24–39); (ECF No. 1. "Compl." ¶ 9). On April 16, 2020, the Appeals Council affirmed the ALJ's decision. (R. 1–3); (Compl. ¶ 10). On June 12, 2020, Plaintiff filed an appeal with this Court requesting review of the ALJ's decision. (Compl.).

## II. DISCUSSION

Pursuant to sentence four of 42 U.S.C. § 405(g), a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

In the instant matter, "the common issues on appeal in a Social Security Disability case are not present." *Krok-Parrinello v. Berryhill*, No. 17-853, 2018 WL 646077, at *2 (D.N.J. Jan. 30, 2018). Here, both parties agree that this matter should be remanded for further administrative proceedings before an Administrative Law Judge ("ALJ") under sentence four of § 405(g). *See* (ECF No. 21-7, "Pl. Proposed Remand Order"); (ECF 19, "Def. Proposed Remand Order"); (ECF 22, "Def. Resp."). Instead, the dispute in this case involves the precise terms of the remand order. (Pl. Moving Br. 1–2).

Defendant's proposed remand order states:

> On remand, the Appeals Council will instruct an Administrative Law Judge to conduct further administrative proceedings that *may* include obtaining medical expert evidence; giving further consideration to the nature, severity, and effects of Plaintiff's spine impairment; further considering Plaintiff's residual functional capacity; if warranted, obtaining supplemental vocational evidence regarding whether Plaintiff can perform other work in the national economy; offering the

opportunity for a new hearing; taking further action to complete the administrative record; and issuing a new decision.

(Def. Proposed Remand Order) (emphasis added).

However, Plaintiff asserts that he is "not fully satisfied by the terms of the government's proposed Remand Order" as "Defendant's proposed order does not sufficiently explain the issues to be addressed on remand."[2] (Pl. Moving Br. 5). Plaintiff's primary objection to Defendant's proposed order seems to be Defendant's use of the word "may" in detailing the issues to be considered by an ALJ on remand. (Pl. Moving Br. 2, 6–7, 12–13) ("[T]he proposed order continues with permissive language making it difficult to know what, if any, issues will actually be addressed on remand."). Plaintiff proposes the following "clear and specific instructions":

> a. In light of Plaintiff's objection to video teleconferencing on remand and his pending subsequent application, direct this case to the hearing office that services Plaintiff's address for an in-person hearing before an Administrative Law Judge located at the Pennsauken Hearing Office. The Administrative Law Judge shall offer the opportunity for a new hearing that may include: obtaining medical expert evidence; if warranted, obtaining supplemental vocational evidence regarding whether Plaintiff can perform other work in the national economy; and taking further action to complete the administrative record.
> b. The ALJ shall reconsider whether Plaintiff's cervical and lumbar spine conditions are severe medically determinable impairments.
> c. The ALJ shall accept Plaintiff's MRI studies into evidence and give further consideration to the nature, severity, and effects of Plaintiff's spine impairment.
> d. The ALJ shall reconsider Plaintiff's residual functional capacity, including, but not limited to, the limitations caused by Plaintiff's cervical and lumbar spine conditions.

---

[2] Plaintiff also argues that, pursuant to L. Civ. R. 9.1(d)(3) and Fed. R. Civ. P. 41(a)(1), "it is the Plaintiff who must be fully satisfied by the terms of the proposed resolution of a Social Security matter, to such extent that the plaintiff is comfortable voluntarily dismissing the action." (Pl. Moving Br. 4–5). It is not clear whether Plaintiff is indicating that he will not consent to remand in this matter unless the Court adopts verbatim Plaintiff's requested terms. To the extent that Plaintiff is making such an argument, we do not believe that local and federal procedural rules require a court to issue a full decision on a matter where both parties agree remand for further proceedings is necessary but disagree slightly on the terms of remand. *See Fox v. Colvin*, No. 15-6416, 2016 WL 2889030, at \*2 (N.D. Ill. May 17, 2016) (rejecting a plaintiff's contention that "if the parties could not agree on the terms of the remand order, then the case could not be remanded and that the Court would have to rule on the merits of the appeal after full briefing."). Indeed, courts routinely resolve disputes over remand terms in social security cases without adopting all of a plaintiff's requested terms. *See, e.g.*, *Krok-Parrinello v. Berryhill*, No. 17-853, 2018 WL 646077, at \*3 (D.N.J. Jan. 30, 2018); *Aldaz v. Berryhill*, No. CV180366, 2020 WL 908044, at \*4 (D. Ariz. Feb. 5, 2020), report and recommendation adopted sub nom. *Aldaz v. Comm'r of Soc. Sec. Admin.*, No. CV1800366, 2020 WL 906489 (D. Ariz. Feb. 25, 2020).

  e. The ALJ shall reconsider Plaintiff's residual functional capacity, including, but not limited to, the limitations caused by the frequency with which Plaintiff will be absent from work to comply with his mental health treatment requirements.
  f. The ALJ shall apply each of the age categories from the Medical Vocational Guidelines that apply to Plaintiff from the time of Plaintiff's alleged onset date through the date of the decision, including borderline age rules that might be applicable.
  g. The ALJ shall issue a new decision.

 (Pl. Moving Br. 2–3); (Pl. Proposed Remand Order). Defendant objects to Plaintiff's proposal that Plaintiff's case be assigned to an ALJ in the Pennsauken Hearing Office because "[t]he Appeals Council, not the Office of the General Counsel, has the discretion and authority to decide those issues." (Def. Resp. 1). Defendant presents no other arguments against Plaintiff's proposed terms, stating only "the Commissioner respectfully asks the Court to adopt the language as stated in the Commissioner's proposed remand order[.]" (*Id.* at 2).

 Faced with a disagreement regarding a remand order, a Vermont Magistrate Judge concluded that "[i]t makes little sense for the court to referee the scope of a voluntary remand order[.]" *Troy D. v. Comm'r of Soc. Sec.*, No. 17-235, 2018 WL 5077896, at *2 (D. Vt. Oct. 18, 2018). In *Troy D.*, the parties disputed the scope of the remand order; the Commissioner requested remand only on one narrow issue while the plaintiff contended remand was needed on a broader set of issues. *Id.* at *1–2. The court found that "[g]iven the parties' agreement to remand Plaintiff's claim, it is a waste of judicial resources for the Court to consider … Plaintiff's … substantive arguments at this time." *Id.* at *2. As such, the *Troy D.* court "grant[ed] the parties' request to remand, and remand[ed] for further proceedings and a new decision regarding each issue addressed in Plaintiff's and the Commissioner's motions[.]" *Id. But see Smith v. Astrue*, No. 2:12-CV-7-DBH, 2012 WL 4800176, at *1 (D. Me. Aug. 29, 2012), *report and recommendation adopted*, No. 2:12-CV-07, 2012 WL 4794306 (D. Me. Oct. 9, 2012) ("As this

4

court has done in the past when the commissioner proposes language for an order of remand with which the claimant disagrees, the best course appears to be to 'issue an order of remand without including in [the court's] order the words over which the parties disagree.'" (citation omitted)).

We largely agree with the court's approach in *Troy D.*, though we will not include Plaintiff's requested terms verbatim. Indeed, several of Plaintiff's requested terms are unduly specific. *Cf. Fox v. Colvin*, No. 15-6416, 2016 WL 2889030, at *2 (N.D. Ill. May 17, 2016) ("[B]y including other language that specifically orders the ALJ on remand to consider certain specific evidence and/or witnesses, the order that plaintiff requests would suggest that this Court has decided on the merits that consideration of those matters is required – which, of course, we have not done."). Instead, we endeavor to ensure that all of the purported errors in the ALJ's decision are adequately addressed on remand without delving into the merits of Plaintiff's claims. Thus, on remand the Commissioner shall: (1) conduct further administrative proceedings, which may include taking further action to complete the administrative record; (2) reevaluate the nature, severity, and effects of Plaintiff's spinal impairments; (3) reassess Plaintiff's Residual Functional Capacity, which may include limitations related to Plaintiff's spinal impairment and mental health treatments; (4) reapply the Medical Vocational Guidelines; and (5) issue a new decision.[3] The Commissioner may: (1) if warranted, obtain supplemental vocational evidence

---

[3] Plaintiff contends that the Commissioner should be required to accept Plaintiff's MRI studies from Pennsauken Diagnostic Center into evidence on remand because Plaintiff properly submitted notice of the MRI evidence to the ALJ more than 5 business days prior to the original hearing in accordance with 20 C.F.R. § 416.1435(a) (the "five-day rule"). (Pl. Moving Br. 17–18). Section 416.1435 states that:

> Each party must make every effort to ensure that the administrative law judge receives all of the evidence and must inform us about or submit any written evidence, as required in § 416.912, no later than 5 business days before the date of the scheduled hearing. If you do not comply with this requirement, the administrative law judge may decline to consider or obtain the evidence unless the circumstances described in paragraph (b) of this section apply.

20 C.F.R. § 416.1435(a); *see also* 20 C.F.R. § 404.935(a). Notably, an ALJ has the discretion to accept evidence submitted in violation of the five-day rule. *Id.* In rendering a decision here, the ALJ acknowledged the existence of the MRI studies but declined to consider them because "[t]hese sources were not mentioned in the representative

regarding whether Plaintiff can perform other work in the national economy; and (2) obtain additional medical expert evidence. In setting out the terms of the remand order, the Court has incorporated language from both Plaintiff and Defendant's proposed remand orders. (Pl. Proposed Remand Order); (Def. Proposed Remand Order). We believe that these terms are sufficiently clear and specific, ensuring that the issues Plaintiff raises in his motion are addressed on remand without requiring the Court to engage with the substance of Plaintiff's claims.

The Court will not, however, order the Commissioner to schedule a new, in-person hearing in this matter.  Pursuant to § 405(g), a district court has the power to reverse the decision of the Commissioner "*with or without* remanding the cause for a rehearing." 42 U.S.C. § 405(g) (emphasis added). In his moving brief, Plaintiff argues he should be given a new, in-person hearing in this matter because his application at issue here will be consolidated with his more recent social security application[4] (the "new application") upon remand, and he is entitled to object to a video teleconferencing hearing in this new case.

The Court is hesitant to order an in-person hearing on remand solely based on Plaintiff's supposed entitlement to an in-person hearing on his new application when the record before the Court does not indicate the status of that new application. (Pl. Moving Br. 14) (stating that Plaintiff submitted a request for reconsideration pertaining to his new application on January 27, 2021 but has not yet received a decision regarding this request). Plaintiff has presented no

---

brief at exhibit 16E/2" and Plaintiff's notification did not satisfy certain requirements. (R. 24). Plaintiff admits that Plaintiff's brief to the ALJ misidentifies the source of the MRI images but argues that this is an improper reason to reject objective medical evidence. (Pl. Moving Br. 17–18).

The Court does not believe it is an efficient use of judicial resources to determine whether the ALJ erred in declining to consider the MRI evidence, particularly when the Commissioner has not briefed this issue. *Cf. Fox v. Colvin*, 2016 WL 2889030, at *2. Given that the Court is instructing the Commissioner to conduct further administrative proceedings and issue a new decision in this case, we will leave it to the Commissioner to determine whether to accept Plaintiff's MRI studies in evidence on remand.

[4] In April 2020, Plaintiff submitted a new application for social security benefits. (Pl. Moving Br. 14). Plaintiff's new application was denied on December 1, 2020. (*Id.* at Ex. 4)

evidence to suggest that he is entitled to a new hearing in this case, or that the existing record—which includes Plaintiff's testimony at a prior hearing, (R. 50–64)—is insufficient to inform the Commissioner's decision regarding the instant application on remand, *see Krok-Parrinello*, 2018 WL 646077, at *3 (rejecting a plaintiff's request for the court to order a new hearing on remand due to "Plaintiff's failure to explain with any specificity as to why a new hearing is warranted"); *Diane B. v. Comm'r of Soc. Sec.*, No. 2:18-CV-1-JMC, 2018 WL 5024171, at *5 (D. Vt. Oct. 16, 2018) (refusing to remand for a rehearing when "[n]othing in Plaintiff's initial motion or subsequent filing suggests that additional testimony may be required or that there are gaps in the evidence."). Therefore, the Court will not mandate that the Commissioner conduct an in-person hearing on remand.

The Commissioner may, however, conclude that a new hearing is warranted in this matter. *See Diane B.*, 2018 WL 5024171, at *5 ("[T]he Court leaves it to the Commissioner, through the Appeals Council and the ALJ, to determine whether a supplemental hearing is required on remand."); *cf. Krok-Parrinello*, 2018 WL 646077, at *3 ("Plaintiff's counsel will have an opportunity to convince the ALJ as to the necessity of a new hearing."). Further, presuming that Plaintiff's new application has not yet been resolved and the two applications are in fact consolidated on remand, Plaintiff has the ability to object to a video hearing at that time.

### III.   CONCLUSION

The Court would like to stress that nothing in this opinion should be read as limiting the scope of the issues to be considered on remand. Additionally, nothing in the remand order or this Opinion is meant to suggest that any one of the ALJ's prior conclusions was erroneous. As noted above, we have not assessed the merits of Plaintiff's claims regarding the deficiencies of the ALJ's prior decision in this case.

We are cognizant of the protracted nature of the appeals process in social security cases and understand Plaintiff's desire to ensure that the Commissioner adequately considers Plaintiff's application on remand. For the foregoing reasons, Plaintiff's Motion to Set Forth the Terms of the Remand Order (ECF No. 21) is **GRANTED in part** and **DENIED in part**, and the Commissioner's final decision in this matter is **REVERSED** and **REMANDED** for further proceedings consistent with this Opinion. An order shall issue.


Dated:   12/03/2021                                             /s/Robert B. Kugler             _
                                                                                   ROBERT B. KUGLER
                                                                                   United States District Judge